ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Environmental Safety Consultants, Inc. | ) | ASBCA No. 58343 |
| | ) | |
| Under Contract No. N62470-95-C-2399 | ) | |

APPEARANCE FOR THE APPELLANT: Peter C. Nwogu, Ph.D.
President/CEO

APPEARANCES FOR THE GOVERNMENT: Ronald J. Borro, Esq.
Navy Chief Trial Attorney
Ellen M. Evans, Esq.
Senior Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE FREEMAN ON THE
GOVERNMENT'S MOTION FOR RECONSIDERATION OF THE
PARTIAL DISMISSAL FOR LACK OF JURISDICTION

In our decision dated 25 July 2014, the Board granted in part the government's motion to dismiss the appeal for lack of jurisdiction. We granted the motion to the extent of the contractor's claimed amount of $897,082.62 in costs incurred in performance of the contract that exceeded the contract price of $561,873.25 at the time the contract was terminated. *See Environmental Safety Consultants, Inc.*, ASBCA No. 58343, 14-1 BCA ¶ 35,681. Familiarity with that decision is assumed.

The government moves for reconsideration of two alleged "mistakes" in the Statement of Facts (SOFs) of the 25 July 2014 opinion. The "Board's First Mistake" alleged by the government is that:

> The first sentence in [SOF] ¶ 11 of the decision states, "...the termination settlement exclusive of the termination settlement expenses, cannot exceed the total contract price *as reduced by...the amount of 'payments previously made'*..." (emphasis added). But the last sentence in [SOF] ¶ 11 indicates the board did not reduce the total contract price by any amount before subtracting it from the total claim amount.

(Mot. at 2)

The last sentence in SOF ¶ 11 determined that the total amount of the termination settlement claim (excluding the settlement expenses) exceeded the total contract price at termination by $897,082.62. The government contends that for purposes of calculating the claimed costs exceeding the contract price, the contract price at termination ($561,873.25) should be reduced by the prior payments by the government ($465,919.67). As so reduced, the contract price at termination would be $95,953.58 and the excess of the claimed costs over the contract price would be $1,363,002.29. (Mot. at 3)

At this stage of the appeal, we are not determining the net termination settlement due ESCI, if any, but the jurisdictional limit on the maximum amount it can claim. The last sentence in SOF ¶ 11 was not a mistake. When and if appellant proves its incurred costs, a reasonable profit on those costs and its termination expenses, we will then apply the reduction for payments previously made by the government, in determining the net settlement amount due ESCI.

The "Board's Second Mistake" alleged by the government is the sentence in SOF ¶ 15 stating that "all of the events fixing the liability of the government...were known or should have been known by ESCI no later than the date the contract was terminated for default on 12 June 1998." The government contends that: "This finding is not supported by the facts and it directly conflicts with specific findings in prior published decisions in which this board and the Court of Federal Claims fixed the point in time at which all events giving rise to claims under this contract for alleged increased costs accrued no later than the Summer of 1997." (Mot. at 1)

The prior decisions referred to by the government in its motion are *Environmental Safety Consultants, Inc.*, ASBCA No. 54615, 07-1 BCA ¶ 33,483, issued by the Board on 31 January 2007, and *Environmental Safety Consultants, Inc. v. United States*, 97 Fed. Cl. 190 (2011), issued by the Court of Federal Claims (COFC) on 11 February 2011. Both decisions dealt with CDA claims by ESCI submitted to the contracting officer on 22 October 2003. The total amounts of those claims were $457,000 for additional work and $1,000,000 for "injuries to appellant's business reputation, credit damages and conspiracy to injure appellant and its owner, negligence...in the administration of the contract, and bad faith of the part of the ROICC against appellant and its owner." 07-1 BCA ¶ 33,483 at 165,967-68; 97 Fed. Cl. at 194 ($457,011.02 as final amount due as of June, 1998). Both the Board decision and the COFC decision held that the 22 October 2003 claims accrued prior to 22 October 1997, outside the CDA statute of limitations and accordingly outside the jurisdiction of the forum. 07-1 BCA ¶ 33,483 at 165,983-86; 97 Fed. Cl. at 200.

The termination settlement claim now before the Board is in the total amount of $1,458,955.87 (exclusive of settlement expenses) for alleged total incurred costs, profit

2

on those costs and settlements with subcontractors. The alleged amount for total incurred costs includes among other items an amount of $123,000 under the heading "ESCI Incurred Costs from July 1997 thru June 12, 1998" (app. supp. R4, tab 1, vol. 1, Table 1 at 3). For purposes of determining the jurisdictional limit of the 5 July 2012 termination settlement claim, the "no later than" accrual date of 12 June 1998 for the latest claimed amount in the termination settlement claim was not a mistake, and does not change the earlier accrual date found by the Board and COFC for the 22 October 2003 claim that was before those forums in the cited decisions. The government has not cited any authority, and we are not aware of any, that requires all claims or parts thereof to have identical accrual dates.

On reconsideration, we find no error in the SOFs cited by the government. Our decision of 25 July 2014 is affirmed.

Dated: 22 October 2014

MONROE E. FREEMAN, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

JACK DELMAN
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58343, Appeal of Environmental Safety Consultants, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3